# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ROBERT A. ROSENER, et al., | ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:05-CV-1419 CAS ) |
| DAN BULLOCK, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Missouri State Highway Patrol's (the "MSHP") motion to dismiss for lack of subject matter jurisdiction. Plaintiffs have not opposed the motion.[1] For the following reasons, defendant MSHP's motion to dismiss will be granted.

**Background**.

Plaintiffs filed this action under 42 U.S.C. §§ 1983, 1985 and 1988, alleging violations of their rights under the Fourth and Fourteenth Amendments, and state law claims. The case arises out of allegedly unconstitutional activities of the defendants in connection with a private subdivision located in St. Francois County, Missouri, known as Lake Timberline. The sixty-nine page, twenty-seven count complaint asserts federal claims for conspiracy and unlawful entry and seizure, and supplemental state law claims for battery, false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, loss of consortium, and expungement of records.

---

[1] By Order dated March 9, 2006, the Court called plaintiffs' attention to the fact that no response had been filed to the MSHP's motion to dismiss, and gave plaintiffs until March 16, 2006 to file a response out of time. No response was filed.

The claims affected by the instant motion to dismiss are limited to Counts X and XXII, which seek the expungement of arrest records pursuant to Section 610.123, Mo. Rev. Stat. (2000), of plaintiffs Barbara Rosener and Donald Meyer for driving while intoxicated. The MSHP moves to dismiss these claims for lack of subject matter jurisdiction, asserting that as an agency of the State of Missouri it is shielded by the Eleventh Amendment from suit in federal court.

**Legal Standard**.

A complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Midwestern Machinery, Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999). This standard applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1). See Titus v. Sullivan, 4 F.3d 590, 593 & n.1 (8th Cir. 1993); Satz v. ITT Financial Corp., 619 F.2d 738, 742 (8th Cir. 1980). The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to present evidence in support of his claim. Conley, id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). Where Eleventh Amendment immunity exists, a federal court lacks subject matter jurisdiction.

**Discussion**.

The Eleventh Amendment bars suits against non-consenting states by their own citizens, citizens of another states, citizens of foreign states, or foreign nations. U.S. Const. amend. XI; Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 97-98 (1984) ("Pennhurst II"). The Eleventh Amendment bar is not limited to suits seeking monetary relief, but may also bar actions seeking equitable relief. Pennhurst II, 465 U.S. at 100-01; Cory v. White, 457 U.S. 85, 90-91 (1982).

The Eleventh Amendment prohibits suits where the action is in fact against the state as the real party in interest. Ford Motor Co., 323 U.S. at 464. A state is the real party in interest if "the decision rendered would operate against the sovereign, expending itself on the public treasury, interfering with public administration, or compelling the State to act or refrain from acting." Pennhurst II, 465 U.S. at 101.

Sovereign immunity extends to states and "arms" of the state. Alden v. Maine, 527 U.S. 706, 756 (1999); Merrill Lynch, Pierce, Fenner and Smith, Inc. v. Nixon, 210 F.3d 814, 819 (8th Cir.), cert. denied, 531 U.S. 958 (2000). Whether an entity constitutes an "arm" of the state turns on its relationship to the state under state law. Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 430-31 and n.5 (1997).

The Missouri State Highway Patrol is created by § 43.020, Mo. Rev. Stat. (2000), which is a part of Chapter 43, entitled "Highway Patrol, State." Missouri courts have held that the Missouri State Highway Patrol is protected by sovereign immunity as an agency of the State of Missouri. See, e.g., Bryan v. Missouri State Hwy. Patrol, 963 S.W.2d 403, 407 (Mo. Ct. App. 1998). The Court concludes that the MSHP is a state agency created by the Missouri legislature. Therefore, plaintiffs' claims against the MSHP are in actuality a suit against the State of Missouri.

State agencies may assert the Eleventh Amendment immunity of the State. See, e.g., Edelman v. Jordan, 415 U.S. 651 (1974); Union Electric Co. v. Missouri Dep't of Conservation, 366 F.3d 655, 660 (8th Cir. 2004) (rejecting claim that Missouri Department of Conservation was not an arm of the State for Eleventh Amendment purposes); Texas Community Bank, N.A. v. State of Mo. Dep't of Social Servs., 232 F.3d 942, 943 (8th Cir. 2000) (Missouri Department of Social Services, as an agency of the State of Missouri, was entitled to Eleventh Amendment immunity).

"Absent consent or Congressional abrogation, 'a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.'" Pennhurst II, 465 U.S. at 100; Williams v. Missouri, 973 F.2d 599, 599-600 (8th Cir. 1992) (per curiam) (Eleventh Amendment immunity bars suit absent two exceptions, Congressional abrogation or state waiver). "[A] state agency which is the sole creation of the state has no separate identity, and thus cannot be stripped of its official character." Glick v. Henderson, 855 F.2d 536, 540 (8th Cir. 1988) (Eleventh Amendment barred injunction against Arkansas Board of Corrections).

Because the plaintiffs have made no attempt to show that either of the exceptions to the Eleventh Amendment are applicable, their suit against the MSHP is barred. See Edelman, 415 U.S. at 673 (1974) (state's waiver of immunity must be "express" waiver). Accordingly, defendant MSHP's motion to dismiss for lack of subject matter jurisdiction should be granted.

**Service Issues**.

By Order dated March 9, 2006, the Court ordered plaintiffs to file proof of service on defendants Betty Nausley, Joseph Nausley, Bullock, Crawford, Trautwein, Moak, Horn and Missouri Department of Revenue no later than March 24, 2006, and stated, "In the event proof of service is not filed by March 24, 2006, the Court will dismiss plaintiffs' claims against the unserved defendants without prejudice pursuant to Rule 4(m), Fed. R. Civ. P." Plaintiffs timely filed proof of service on defendants Bullock, Horn, and Crawford. The Nausley defendants have filed their answer. Plaintiffs have not filed proof of service on defendants R. Trautwein, R. Moak or Missouri Department of Revenue. Plaintiffs' claims against these defendants will therefore be dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Missouri State Highway Patrol's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiffs' claims against defendants R. Trautwein, R. Moak and the Missouri Department of Revenue are **DISMISSED without prejudice** for failure to comply with Rule 4(m), Federal Rules of Civil Procedure, and the Orders of this Court. See Rule 41(b), Fed. R. Civ. P.

An appropriate order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __6th__ day of April, 2006.