# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

ROBERT A. ROSENER, et al., )
                       )
          Plaintiffs, )
                       )        No. 4:05-CV-1419 CAS
      v. )
                       )
DAN BULLOCK, et al., )
                       )
         Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file, concerning two documents filed by plaintiffs on June 28, 2006.

**Opposition to Motion to Dismiss**.

The docket entry for Document 35 indicates that it is a Memorandum in Opposition to defendant Wexler Horn's motion to dismiss. The document actually filed, however, is plaintiffs' motion for leave to amend their complaint. The motion is not signed by counsel. All pleadings, motions or memoranda must include a representation of the filing attorney's signature. See Admin. Procedures for Case Management/Electronic Case Filing, § II.G.; E.D. Mo. Local Rules 2.01(A)(1), 2.11. Accordingly, the Clerk of the Court will be directed to strike Document 35 from the record for lack of an electronic signature of counsel.

Plaintiffs are advised that if they wish to file a memorandum in opposition to Wexler Horn's motion to dismiss, they must seek leave of Court to do so because their response is well out of time. See E.D. Mo. Local Rule 4.01(B). Plaintiffs must submit their proposed memorandum in opposition

as an attachment to their motion for leave to file the opposition out of time. See Admin. Procedures

for Case Management/Electronic Case Filing, § II.A.

**Motion for Leave to Amend Complaint**

Plaintiffs filed a second motion for leave to amend their complaint, Document 36. This

motion is accompanied by a memorandum in support which does not include a signature block and

was not signed by counsel, in violation of the Administrative Procedures and Local Rules cited above.

In addition, the memorandum in support should have been filed as a separate document and not as

a part of the motion for leave.

With respect to the merits of plaintiffs' motion, although leave to amend is to be freely

granted under Federal Rule of Civil Procedure 15(a), the Court has discretion whether or not to grant

leave to amend. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-32 (1971).

Factors to consider in determining whether leave to amend should be granted include but are not

limited to (1) whether the motion was filed in bad faith or with dilatory motive; (2) whether the

motion was filed with undue delay; (3) whether leave to amend would be unduly prejudicial to the

opposing parties; and (4) whether the proposed amendment would be futile. See Bell v. Allstate Life

Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998) (citing Foman v. Davis, 371 U.S. 178, 182 (1962));

Williams v. Little Rock Municipal Water Works, 21 F.3d 218, 224 (8th Cir. 1994).

Plaintiffs did not submit a proposed amended complaint along with their motion for leave to

amend. As a result, the Court cannot determine whether the proposed amended complaint will

correct the substantive deficiencies in the original complaint. Plaintiffs' motion for leave to file an

amended complaint is therefore denied without prejudice.

In the future, plaintiffs shall submit (1) a motion for leave to amend their complaint, (2) a separately-filed memorandum in support of the motion for leave which shall explain how the proposed amended complaint differs from the original complaint and why leave to amend is required, and (3) the proposed amended complaint submitted as an attachment to the motion for leave to amend the complaint, and which shall include a representation of the filing attorney's signature.

Accordingly,

**IT IS HEREBY ORDERED** that Document 35 is **STRICKEN** from the record for lack of an electronic attorney signature.  [Doc. 35]

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to amend their complaint is **DENIED without prejudice**.  [Doc. 36]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __30th__ day of June, 2006.