UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT A. ROSENER, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No. 4:05-CV-1419 CAS |
| v. ) | |
| ) | |
| DAN BULLOCK, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Wendy Wexler Horn's ("Horn") motion to dismiss the claims against her for failure to state a claim upon which relief can be granted. Plaintiffs have failed to respond to the motion to dismiss.[1] For the following reasons, defendant Horn's motion to dismiss will be granted.

---

[1]The plaintiffs made two unsuccessful attempts to respond to the motion to dismiss, which was filed on May 1, 2006. On June 28, 2006, plaintiffs electronically filed a document which they docketed as a memorandum in opposition to the motion to dismiss [Doc. 35], but which was actually an unsigned motion for leave to file an amended complaint which the Court ordered stricken from the record. See Mem. and Order of June 30, 2006 [Doc. 37]. In the Memorandum and Order of June 30, 2006, the Court stated in pertinent part, "Plaintiffs are advised that if they wish to file a memorandum in opposition to Wexler Horn's motion to dismiss, they must seek leave of Court to do so because their response is well out of time. See E.D. Mo. Local Rule 4.01(B). Plaintiffs must submit their proposed memorandum in opposition as an attachment to their motion for leave to file the opposition out of time. See Admin. Procedures for Case Management/Electronic Case Filing, § II.A." Mem. and Order of June 30, 2006 at 1-2.

On October 10, 2006, plaintiffs filed a memorandum in opposition to Horn's motion to dismiss, which was ordered stricken from the record because it was not accompanied by a motion for leave to file out of time and was not submitted as an attachment to such a motion for leave. See Docket Text Order of Oct. 11, 2006. Plaintiffs made no further attempt to respond to the motion to dismiss.

**Background**.

Plaintiffs filed this action under 42 U.S.C. §§ 1983, 1985 and 1988, alleging violations of their rights under the Fourth, Fourteenth and Fifteenth Amendments, and state law claims. The case arises out of allegedly unconstitutional activities of the defendants in connection with a private subdivision located in St. Francois County, Missouri, known as Lake Timberline. The sixty-nine page, twenty-seven count complaint asserts federal claims for conspiracy and unlawful entry and seizure, and supplemental state law claims for battery, false arrest and imprisonment, malicious prosecution, intentional infliction of emotional distress, loss of consortium, and expungement of records. Generally, the plaintiffs contend that they were issued traffic tickets and citations and were arrested and charged with traffic offenses, including driving under the influence of alcohol, after being stopped by private "police" hired by the Lake Timberline trustees to patrol the streets of the subdivision.

According to defendant Horn, fifteen counts of the complaint appear to be directed to her. Defendant Horn asserts that the complaint fails to state any single fact applicable to her that would support a claim against her. Horn asserts that all claims against her relate to actions taken in her role as Prosecuting Attorney for St. Francois County, Missouri, and as such, she is protected from suit by absolute immunity. Horn also asserts that to the extent plaintiffs allege she was part of a conspiracy, they have failed to plead any specific facts showing there was an understanding and agreement among the alleged conspirators to move toward an unconstitutional end.

The claims affected by the instant motion to dismiss are contained in Counts I-III, VIII, IX-XIV, XVII-XX, XXII, and XXV, which seek monetary relief for plaintiffs Barbara Rosener, Robert Rosener, Elizabeth Looser, Donald Meyer, and Deborah Harrell.

**Legal Standard**.

A complaint will not be dismissed for failure to state a claim upon which relief can be granted unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of the claim entitling them to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Midwestern Machinery, Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999). The issue is not whether the plaintiffs will ultimately prevail, but whether they is entitled to present evidence in support of their claims. Conley, id.; see also Neitzke v. Williams, 490 U.S. 319, 327 (1989). When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true and liberally construe the complaint in a light most favorable to the plaintiffs. Kottschade v. City of Rochester, 319 F.3d 1038, 1040 (8th Cir.), cert. denied, 540 U. S. 825 (2003). The Court is, however, "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." Wiles v. Capitol Indem. Corp., 280 F.3d 868, 870 (8th Cir. 2002).

**Discussion**.

In the introductory section of the complaint, plaintiffs allege that Horn is the prosecuting attorney of St. Francois County, Missouri, and that her actions were taken personally while "acting under color of her office," as well as through assistant prosecuting attorneys and employees acting under her direction and control. Complaint at 13, ¶ 34. Plaintiffs allege that Horn "permitted Lake Timberline 'patrolmen' to request warrants and initiate criminal charges through Horn's office, and afforded them all privileges of *bona fide* police officers." Id. at 16, ¶ 44. Plaintiffs allege that Horn conspired with the other defendants to deprive the plaintiffs of their constitutional rights "by facilitating, aiding in and causing unlawful arrests and imprisonments by the 'Lake Timberline Police

3

Department,' and subsequent imprisonment of arrestees . . . . Said arrestees were thereafter prosecuted by Defendant Horn." Id. at 16-17, ¶ 45.

**A. Plaintiff Barbara Rosener**

In Count I of the complaint, plaintiff Barbara Rosener alleges civil rights violations under 42 U.S.C. § 1983 and civil rights conspiracy claims under 42 U.S.C. § 1985. Plaintiffs allege that defendant Baker, who was employed as a "patrolman" by the Lake Timberline Board of Trustees, entered Barbara Rosener's residence on October 4, 2001, allegedly in connection with a stop sign violation by Mrs. Rosener, and physically assaulted, maced and handcuffed Mrs. Rosener and took her to the St. Francois County jail. Id. at 18, ¶¶ 48-49. Plaintiff alleges that Horn, acting in concert with other defendants, "caused Rosener to be prosecuted for criminal violations of Missouri law" and to post bond. Id. at 18, ¶ 49. The complaint alleges that Barbara Rosener pleaded guilty to operating a motor vehicle with a blood alcohol content in excess of the legal limit, based on Baker's false allegations to the Missouri Department of Revenue. Complaint at 18, ¶¶ 51-52.

Count I alleges that Horn and others conspired together and "reached a mutual understanding to undertake a course of conduct that violated the civil rights of Plaintiff Barbara Rosener and other persons." Id. at 19, ¶ 54. Plaintiffs allege that Horn, in furtherance of the conspiracy, "failed to intercede in the unlawful treatment of Plaintiff as above described, though [she] had the opportunity to prevent Plaintiff Barbara Rosener's imprisonment and prosecution." Id., ¶ 54.b. Plaintiffs also allege that Horn and others "shared general conspiratorial objectives, to abuse Plaintiff Barbara Rosener and cause her arrest, detention and prosecution as above described." Id. at 20-21, ¶ 54.h. Plaintiffs allege that as a result of the conspiracy, Barbara Rosener suffered bodily injury and

> was deprived of her rights to be free from unreasonable seizure of her person -- including the right to be free from the use of excessive force, as well as her right to

4

> be secure in her house and effects, and free from unreasonable searches and seizures in violation of the 14th Amendment to the Constitution of the United States, and her right to liberty and due process . . . .

Id., ¶ 55.

"Prosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." Williams v. Hartje, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)). "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir. 2006) (quoting Anderson v. Larson, 327 F.3d 762, 768 (8th Cir. 2003)). "[A]ctions connected with initiation of prosecution, even if those actions are patently improper," are entitled to immunity. Williams, 827 F.2d at 1208. "However, purely administrative or investigative actions that do not relate to the initiation of a prosecution do not qualify for absolute immunity." Schenk, 46 F.3d at 1046 (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)). "[A] prosecutor is entitled only to qualified immunity when performing actions in an 'investigatory' or 'administrative' capacity." Anderson, 327 F.3d at 768 (citing Imbler, 424 U.S. at 430-31). To determine whether an action is prosecutorial, investigatory or administrative, a court must examine "the nature of the function performed, not the identity of the actor who performed it." Forrester v. White, 484 U.S. 219, 229 (1988). "The official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." Burns v. Reed, 500 U.S. 478, 486 (1991)."

To the extent the complaint alleges that Horn initiated a criminal prosecution against Barbara Rosener, or alleges actions connected to the initiation of a prosecution, Horn is entitled to absolute prosecutorial immunity. See Schenk, 461 F.3d at 1046. Although plaintiffs allege that Horn

participated in a conspiracy with other defendants, the only specific allegations concerning Horn are that she or her employees permitted other defendants to request warrants and initiate criminal proceedings against Rosener, and then prosecuted Rosener. Thus, the complaint alleges only actions by Horn that are directly connected to the initiation of a criminal prosecution and to a criminal prosecution itself. Horn is therefore entitled to dismissal of the claims against her on the basis of absolute prosecutorial immunity.

Plaintiffs also allege that Horn took part in a conspiracy. "Allegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'" Manis v. Sterling, 862 F.2d 679, 681 (8th Cir. 1988) (cited case omitted). As set forth above, plaintiffs make only conclusory allegations that Horn conspired with the other defendants and did nothing to stop their actions. There are no facts pleaded to support an inference that Horn reached any agreement with the other defendants to have Mrs. Rosener arrested, subjected to physical force, confined, or prosecuted. As a result, plaintiffs fail to adequately allege a conspiracy against Horn. Moreover, as discussed above, all of plaintiffs' allegations concerning Horn involve actions relating to the initiation of a prosecution.[2]

---

[2] As noted above, the complaint states that plaintiff Barbara Rosener pleaded guilty to charges. The same is true of plaintiff Donald Meyer. There is no allegation in the complaint that the convictions have been reversed, expunged, or declared invalid. The Supreme Court has held that in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. See Heck v. Humphrey, 512 U.S. 477, 484-85 (1994). A claim for damages bearing such a relationship to a conviction or sentence that has not been invalidated is not cognizable under Section 1983. Id. at 486-87. Thus, when a plaintiff seeks damages in a Section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction or sentence. If it would, the complaint must be dismissed without prejudice unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. Because

For the same reasons that Horn is entitled to dismissal of plaintiff Barbara Rosener's Section 1983 conspiracy claim in Count I on the basis of absolute judicial immunity and failure to state a claim, she is entitled to dismissal of Count II, Robert Rosener's claim for loss of consortium, which is based on the Section 1983 conspiracy claim in Count I; Count III, Barbara Rosener's unlawful entry and seizure claim under Section 1983; Count VIII, Barbara Rosener's malicious prosecution claim under state law; Count IX, Robert Rosener's claim for loss of consortium based on the malicious prosecution claim in Count VIII;[3] Count XI, Barbara Rosener's claim for intentional infliction of emotional distress; and Count XII, Robert Rosener's claim for loss of consortium based on the intentional infliction of emotional distress claim in Count XI. These counts do not allege any conduct by Horn other than in connection with Mrs. Rosener's prosecution, and do not contain any additional facts to support the conspiracy claims.

In Count X, Barbara Rosener asserts a claim for expungement of her criminal record pursuant to Missouri Revised Statutes § 610.123 (2000). Although defendant Horn and others are mentioned in the introductory paragraph of this count, the prayer for relief of expungement is directed only against former defendants the Missouri State Highway Patrol and the Missouri Department of

---

plaintiffs' claims against defendant Horn are properly dismissed based on prosecutorial immunity and for failure to state a claim, the Court does not address this issue further.

[3]Count IX incorporates the allegations of paragraphs 86-91 of the complaint, which comprise Count VIII, but then alleges a loss of consortium as a result of the defendants' acts described in Count XIII. See Complaint at 32, ¶¶ 90-91. The Court assumes the reference to Count XIII is a typographical error, as Count XIII concerns another plaintiff, Elizabeth Looser.

7

Revenue.[4]  Because Count X does not seek relief from defendant Horn, the Court does not address it further.

### B. Plaintiff Elizabeth Looser

In Count XIII of the complaint, plaintiff Elizabeth Looser alleges civil rights violations under 42 U.S.C. § 1983 and civil rights conspiracy claims under 42 U.S.C. § 1985. Plaintiffs allege that on February 3, 2004, Looser was seated in the front seat of a vehicle being operated by another individual on a road in the Lake Timberline subdivision. Plaintiffs allege that defendant Baker activated the lights and siren on his patrol car and stopped the vehicle in which Looser was a passenger. Baker accused the operator of being intoxicated and took him into custody. Baker also physically seized plaintiff Looser and, for no reason, took her into custody and transported her to the St. Francois County Jail. At the jail, plaintiff Looser was instructed to remove her clothes and was placed naked in a cell for six hours without food, water, or access to toilet facilities. Plaintiff Looser's clothes were then returned and she was moved to another cell and imprisoned for an additional fourteen hours. Plaintiff was informed by a deputy sheriff that she was charged with verbal and physical assault.

Plaintiffs allege that defendant Horn "caused court papers to be produced, requiring Plaintiff Looser to attend court, allegedly on charges brought by Defendant Baker and the said deputies." Complaint at 38, ¶ 116. Plaintiffs allege that Horn conspired with others and reached a mutual understanding to take a course of conduct that violated plaintiff Looser's civil rights, and in furtherance of the conspiracy, "failed to intercede in the unlawful treatment of Plaintiff as hereinbefore

---

[4]The plaintiffs' claims against the Missouri State Highway Patrol and the Missouri Department of Revenue in Count X were dismissed by Memorandum and Order and Order of Partial Dismissal dated April 6, 2006.

8

described, though they had the opportunity to prevent Plaintiff's arrest, imprisonment and prosecution." Id., ¶ 117.b. Plaintiffs also allege that Horn and others "shared general conspiratorial objectives to abuse plaintiff Elizabeth Looser and cause her arrest, detention, humiliation and prosecution as above described." Id., ¶ 117.e.

Defendant Horn is entitled to absolute prosecutorial immunity on plaintiff Elizabeth Looser's claims for the same reasons discussed above with respect to plaintiff Barbara Rosener. To the extent the complaint alleges that Horn initiated a criminal prosecution against Looser, or alleges actions connected to the initiation of that prosecution, Horn is entitled to absolute prosecutorial immunity. See Schenk, 461 F.3d at 1046. Although plaintiffs allege that Horn participated in a conspiracy with other defendants, the only specific allegations concerning Horn are that she or her employees prosecuted Looser. Thus, the complaint alleges only actions by Horn that are directly connected to the initiation of a criminal prosecution and to a criminal prosecution itself. Horn is therefore entitled to dismissal of the claims against her on the basis of absolute prosecutorial immunity.

Plaintiffs' conclusory allegations that Horn conspired with the other defendants and did nothing to stop their actions are insufficient to state a claim upon which relief can be granted. There are no facts pleaded to support an inference that Horn reached any agreement with the other defendants to have Ms. Looser arrested, confined, deprived of clothing and other essentials, or prosecuted. As a result, plaintiffs fail to adequately allege a conspiracy against Horn. Moreover, as discussed above, all of plaintiffs' allegations concerning Horn involve actions relating to the initiation of a prosecution.

For the same reasons that Horn is entitled to dismissal of plaintiff Elizabeth Looser's Section 1983 conspiracy claim in Count XIII on the basis of absolute judicial immunity and failure to state

9

a claim, she is entitled to dismissal of Count XIV, plaintiff Looser's unlawful entry and seizure claim under Section 1983. This count does not allege any conduct by Horn other than in connection with Ms. Looser's prosecution, and does not contain any additional facts to support the conspiracy claim.

### C. Plaintiff Donald Meyer

In Count XVII of the complaint, plaintiff Donald Meyer alleges civil rights violations under 42 U.S.C. § 1983 and civil rights conspiracy claims under 42 U.S.C. § 1985. Plaintiffs allege that at approximately 2:26 a.m. on February 20, 2004, defendant Jason Jones, a "patrolman" in the "Lake Timberline Police Department," began following the vehicle that Meyer was driving. Jones activated his lights and siren and followed Meyer to his residence in the subdivision. Plaintiff Meyer entered his residence and refused to come out, because he saw a second, non-uniformed individual in the car and was frightened. Jones contacted the St. Francois County sheriff's office and three deputy sheriffs responded to assist Jones. Jones and the deputies handcuffed plaintiff Meyer and took him to the St. Francois County Jail, where they attempted to administer a breath alcohol test. Plaintiff Meyer alleges that the defendants were unable to obtain a valid breath sample, despite his cooperation, and then falsely charged him with operating a motor vehicle with a blood alcohol content in excess of the legal limit. Plaintiff Meyer, "mistakenly believing his arrest and the ensuing charges to be lawful, and by reason of intimidation by Defendants," pleaded guilty to the charges. Complaint at 46, ¶ 149.

Plaintiffs allege that defendant Horn, acting in concert with others, caused plaintiff Meyer to be prosecuted for violations of Missouri law. Id., ¶ 147. Plaintiffs allege that Horn conspired with others and reached a mutual understanding to take a course of conduct that violated plaintiff's civil rights, and in furtherance of the conspiracy, "failed to intercede in the unlawful treatment of Plaintiff as above described, though they had the opportunity to prevent Plaintiff Donald Meyer's

10

imprisonment and prosecution." Id. at 47, ¶ 150.b. Plaintiffs also alleges that Horn and others "shared general conspiratorial objectives, to harass Plaintiff Donald Meyer and cause his arrest, detention, and prosecution as above described." Id., ¶ 150.f.

Defendant Horn is entitled to absolute prosecutorial immunity on plaintiff Donald Meyer's claims for the reasons discussed above. To the extent the complaint alleges that Horn initiated a criminal prosecution against Meyer, or alleges actions connected to the initiation of that prosecution, Horn is entitled to absolute prosecutorial immunity. See Schenk, 461 F.3d at 1046. Although plaintiffs allege that Horn participated in a conspiracy with other defendants, the only specific allegations concerning Horn are that she or her employees prosecuted Meyer. Thus, the complaint alleges only actions by Horn that are directly connected to the initiation of a criminal prosecution and to a criminal prosecution itself. Horn is therefore entitled to dismissal of the claims against her on the basis of absolute prosecutorial immunity.

Plaintiffs' conclusory allegations that Horn conspired with the other defendants and did nothing to stop their actions are insufficient to state a claim upon which relief can be granted. There are no facts pleaded to support an inference that Horn reached any agreement with the other defendants to have Mr. Meyer arrested, confined or prosecuted. As a result, plaintiffs fail to adequately allege a conspiracy against Horn. Moreover, as discussed above, all of plaintiffs' allegations concerning Horn involve actions relating to the initiation of a prosecution.

For the same reasons that Horn is entitled to dismissal of plaintiff Donald Meyer's Section 1983 conspiracy claim in Count XVII on the basis of absolute judicial immunity and failure to state a claim, she is entitled to dismissal of Count XVIII, plaintiff Meyer's unlawful entry and seizure claim under Section 1983; Count XIX, plaintiff Meyer's claim for false arrest and imprisonment under state

11

law; and Count XX, plaintiff Meyer's claim for malicious prosecution under state law. These counts do not allege any conduct by Horn other than in connection with Mr. Meyer's prosecution, and do not contain any additional facts to support the conspiracy claim. Horn is also entitled to dismissal of Count XXII, plaintiff Meyer's claim for expungement of records under Section 610.123, Mo. Rev. Stat., for the same reasons discussed above with respect to plaintiff Barbara Rosener.

### D. Plaintiff Deborah Harrell

In Count XXV of the complaint, plaintiff Deborah Harrell asserts a claim for unlawful entry and seizure and conspiracy in violation of 42 U.S.C. §§ 1983 and 1985. Count XXV does not contain any references to Horn or her actions, but rather asserts that defendants Baker and Barton entered plaintiff Harrell's residence, forcefully removed her from the residence, and detained and transported her into custody. Nonetheless, plaintiff prays for judgment against Horn in Count XXV. None of plaintiff Harrell's other counts mention Horn at all.

To the extent plaintiff Harrell attempts to assert a claim against defendant Horn in Count XXV, she fails to state a claim upon which relief can be granted because she does not assert any facts which could support such a claim. Defendant Horn's motion to dismiss should therefore be granted with respect to this claim.

**Conclusion**.

For the foregoing reasons, plaintiffs' claims against defendant Wendy Wexler Horn should be dismissed in their entirety, based on absolute prosecutorial immunity and for failure to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Wendy Wexler Horn's motion to dismiss is **GRANTED**. [Doc. 27]

**IT IS FURTHER ORDERED** that defendant Horn's motion to be relieved from mediation order is **DENIED as moot**. [Doc. 48]

An appropriate order of partial dismissal will accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __27th__ day of December, 2006.